NIES, Circuit Judge.
 

 This appeal is from the judgment of the United States Claims Court in favor of the Government on a claim by Raytheon for royalties in connection with cost savings it generated under a Government contract. The opinion of Judge White is reported at 2 Cl.Ct. 763 (1983). We affirm.
 

 Discussion
 

 Raytheon is the contractor under contract N00024-C-1310 (C-1310) for the production of sonar equipment. This contract contained a standard Value Engineering Incentive clause (VEI clause) in the form used prior to revision in 1974. Under the VEI clause Raytheon was entitled to submit proposals for changes in the contract which would reduce its cost of performance and which, after approval by the Government, would entitle Raytheon to share,
 
 inter alia,
 
 in future cost savings over a two-year period. Indisputably, Raytheon became entitled to share in such savings as a result of an accepted change. The dispute between the parties centers around the commencement date of the two-year period, which turns, in this case, on what date the proposal was accepted. More specifically, the phrase in the VEI clause, “date of acceptance of the cost reduction proposal,” was given a particular meaning by the Armed Services Board of Contract Appeals with which the United States Claims Court agreed.
 

 We have reviewed the arguments of Raytheon seeking to overturn the decision of the Claims Court that, in the VEI clause under consideration, the expressions “value engineering change proposal” and “cost reduction proposal” were used interchangeably. Little would be gained by repeating the thorough and sound analysis of Judge White with respect to the proper interpretation of the subject clause. Judge White dealt with each of Raytheon’s arguments made here on appeal. Accordingly, we will simply state that we not only agree with his legal conclusion, but also
 
 affirm
 
 on the basis of his opinion.
 

 AFFIRMED.